# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00473-CV

---

**Josiah Reed Burns, Appellant**

**v.**

**Lindsey Brooke Rowe, Appellee**

---

### FROM THE 428TH DISTRICT COURT OF HAYS COUNTY
### NO. 22-0845, THE HONORABLE ALICIA KEY, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

On July 1, 2025, Josiah Reed Burns filed a notice of appeal, attempting to appeal from the trial court's (i) January 31, 2025 order enforcing and clarifying the parties' final decree of divorce and (ii) June 27, 2025 order finding Burns in contempt of court for failing to comply with the terms of the January 31 order, ordering him to pay Lindsey Brooke Rowe's attorney's fees incurred in the contempt proceeding, and confining him to Hays county jail for a period not to exceed 18 months or until he complies with the direct enforcement order, whichever occurs first.

Upon initial review, the Clerk of this Court sent Burns a letter informing him that this Court appears to lack jurisdiction over the appeal because, as to the January 31 order, his notice of appeal appeared to be untimely. Because the order was signed on January 31, 2025, and Burns did not file any post-judgment motions that would extend the appellate timetable, the deadline for him to file his notice of appeal was on or before March 3, 2025. *See* Tex. R. App. P. 26.1(a) (setting

deadline to file notice of appeal within thirty days after judgment is signed if no exceptions apply); *id.* R. 4.1(a) (providing rule for computing deadlines when last day of period falls on weekend or holiday). However, Burns's notice of appeal was not filed until July 1, 2025. Although this Court may grant a 15-day extension, the notice of appeal was also filed outside the extension period. *See id.* R. 26.3 (authorizing appellate court to extend deadline to file notice of appeal by fifteen days).

Further, as to the June 27, 2025 order, the Clerk of this Court sent Burns a letter informing him that this Court appears to lack jurisdiction over the appeal because contempt orders are not appealable. *See In re Janson*, 614 S.W.3d 724, 727 (Tex. 2020) (orig. proceeding) (per curiam) ("Because contempt orders are not appealable, they are reviewable only by writ of mandamus or habeas corpus."); *Inmon v. DeArmond*, No. 03-24-00153-CV, 2024 WL 4867281, at *1 (Tex. App.—Austin Nov. 22, 2024, no pet.) (mem. op.) ("Decisions in contempt proceedings cannot be reviewed on appeal because contempt orders are not appealable, even when appealed along with a judgment that is appealable." (citing *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied))).

On August 25, 2025, the Clerk of this Court advised Burns of the above apparent jurisdictional defects, requested a response from him on or before September 4, explaining how this Court may exercise jurisdiction over his appeal, and informed him that his appeal may be dismissed for want of jurisdiction unless he timely responded and demonstrated jurisdiction. On August 28, Burns responded and, as to the January 31 order, maintained that he "did not personally receive notice or actual knowledge of the February 5, 2025 order within twenty (20) days of its signing," and requested that "this Court set a hearing, receive evidence, and issue findings under

Rule 306a establishing the date Appellant first received notice or actual knowledge of the February 5, 2025 order."[1] Burns did not respond as to the concerns regarding the June 27 order.

Burns's argument regarding the January 31 order does not explain how this Court may exercise jurisdiction over his appeal. Though Burns requests that "this Court" hold a Rule 306a hearing, that is a request he was required to make of the trial court. *See* Tex. R. Civ. P. 306a(5) (providing process to establish no notice of judgment within twenty days after the order is signed, including filing "in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing"). In any event, even if Burns had done so, Rule 306a(4) provides that "in no event shall such [notice-of-judgment] period[] begin more than ninety days after the original judgment or other appealable order was signed." *Id.* R. 306a(4). Burns did not file his notice of appeal until July 1, which was 151 days after the order was signed.

Because Burns did not timely file his notice of appeal as to the January 31 order, and because we lack jurisdiction on appeal over the June 27 contempt order, we do not have jurisdiction over Burns's appeal. *See* Tex. R. App. P. 25.1(b) (providing that filing notice of appeal invokes appellate court's jurisdiction); *id.* R. 2 (prohibiting appellate court from altering the time for perfecting an appeal in a civil case); *In re Janson*, 614 S.W.3d at 727 (noting that contempt orders are not appealable). Thus, we dismiss Burns's appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

---

[1] February 5 is the date that the January 31 order was entered.

3

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Kelly, and Theofanis

Dismissed for Want of Jurisdiction

Filed:   September 12, 2025